UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOHN KEELER & CO., INC., | Case No: 1:14 CV 1652 |
| Plaintiff | |
| v. | JUDGE SOLOMON OLIVER, JR. |
| HERON POINT SEAFOOD, INC., | |
| Defendant | |
| | ORDER |

Currently pending before the court in the above-captioned case are Defendant Heron Point Seafood, Inc.'s ("Defendant" or "Heron Point") Motion to Dismiss for Failure to State a Claim (Mot. to Dismiss, ECF No. 50) and Motion to Strike Infringement Contentions (Mot. to Strike, ECF No. 51). For the following reasons, the court denies both Motions.

**I. BACKGROUND**

Plaintiff John Keeler & Company, Inc.'s ("Plaintiff" or "Keeler"), a Florida corporation with its principal place of business in Miami, Florida, initiated the present action on July 28, 2014, alleging two counts of patent infringement involving U.S. Patent Nos. 8,337,922 and 8,445,046 (collectively, "patents-in-suit"), and one count of unjust enrichment. (Compl. ¶¶ 13–23, ECF No. 1.) The patents-in-suit comprise a method for packaging crabmeat, a key claim of which is an air to crabmeat ratio within a flexible pouch of about 13-20% by volume, designed to reduce the growth of certain bacteria. (Compl. Exs. A–B, ECF Nos. 1-1, 1-2.) Major limitations on the asserted claims

include the sealing of crabmeat in a flexible pouch "comprising a multi-layer film, wherein said multi-layer film comprises at least one of polyethylene terepthalate, nylon, aluminum and polypropylene," as well as pasteurization of the sealed pouch for "80 to 160 minutes at a temperature ranging from about 185 [degrees Fahrenheit] to about 189 [degrees Fahrenheit]." (*Id.*)

On July 8, 2016, upon Defendant Heron Point's Motion for a Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (ECF No. 35), the court: 1) denied judgment as to Plaintiff's claim of direct infringement; 2) denied judgment as to Plaintiff's claim of willful infringement, but dismissed the claim without prejudice; and 3) granted judgment for Plaintiff's claim for unjust enrichment. (Order 18, ECF No. 46.) The court further granted Keeler fourteen days to amend its claim for willful infringement. (*Id.*) In the same Order, the court denied Defendant's Motion for Sanctions (ECF No. 33) and Plaintiff's Motion to Be Allowed to Pursue a Process Other Than as Required by Local Patent Rule 3.1 (ECF No. 30), giving Keeler fourteen days to amend its Initial Infringement Contentions. (*Id.*)

Keeler timely filed its Amended Complaint (Am. Compl., ECF No. 48.) and Amended Preliminary Infringement Contentions ("Infringement Contentions" or "Contentions") (ECF No. 51-2) on July 5, 2016. In its Amended Complaint, Plaintiff alleges that Heron Point directly and willfully infringed the patents-in-suit when it "manufactured, used, sold, offered for sale, and/or imported" a pouched crabmeat product in the United States. (Am. Compl. ¶¶ 11, 13.)

In response, Heron Point filed the instant Motion to Dismiss Plaintiff's Amended Complaint and Motion to Strike Infringement Contentions. The former contends that Keeler has failed to meet the pleading standard for direct patent infringement claims, following the abrogation of Rule 84 of the Federal Rules of Civil Procedure and the attached Form 18. (Mot. to Dismiss at 1, 5.) In the

latter, Heron Point argues that Plaintiff's Infringement Contentions are insufficient under Local Patent Rule 3.1 and that the suit should not go forward until the Contentions are in compliance. (Mot. to Strike at 6.) The court addresses these arguments, and Plaintiff's responses to them, below.

## II. LEGAL STANDARD

This case arises under an "Act of Congress relating to patents." 28U.S.C. § 1338(a) (2014). As such, the law of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") generally controls. *See id.* § 1295(a)(1). The Federal Circuit, nonetheless, applies the law of the "regional circuit" to procedural matters. *See Imation Corp. v. Koninklijke Philips Elecs. N.V.*, 586 F.3d 980, 984 (Fed. Cir. 2009). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is procedural; therefore, the law of the U.S. Court of Appeals for the Sixth Circuit ("Sixth Circuit") applies. *See id.* (citing *Rentrop v. Spectranetics Corp.*, 550 F.3d 1112, 1118 (Fed. Cir. 2008)).

Under Rule 12(b)(6), a party may move for dismissal for failure to state a claim upon which relief can be granted in its responsive pleading. The court examines the pleadings of the parties and evaluates the legal sufficiency of the plaintiff's claim. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The rules that once governed pleading in this context no longer apply. Amendments to the Federal Rules of Civil Procedure went into effect on December 1, 2015, including the abrogation of Rule 84 and the attached Form 18, which had laid out the pleading standard for claims of direct patent infringement. *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1279 (Fed. Cir. 2013). The abrogation "does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 advisory committee's note to 2015 amendment. As most district courts have interpreted it, the "existing pleading standards" are those set forth in *Bell*

*Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g.*, *RAH Color Techs., LLC v. Ricoh USA, Inc.*, 194 F. Supp. 3d 346, 350 (E.D. Pa. 2016) (first citing *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 774–75 (N.D. Ill. 2016); then citing *Asghari–Kamrani v. United Servs. Auto. Ass'n*, No 2:15-cv-478, 2016 WL 1253533, at *3 (E.D. Va. Mar. 22, 2016); and then citing *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 1:15-cv-152, 2016 WL 927143, at *2 (D. Del. Mar. 4, 2016)).

As the U.S. Supreme Court further explained, the changes "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court of the United States, *Order Amending the Federal Rules of Civil Procedure* (Apr. 29, 2015).[1] Thus, equitable concerns may lead a court not to apply the new pleading standard to an action pending at the time of abrogation. But, the cases in which courts have found it to be unjust or impracticable to deny the safe haven of Form 18 are those in which plaintiffs filed their complaints before the effective date for the changes. *See, e.g.*, *Nexeon Ltd. v. Eaglepicher Techs., LLC*, No. 1:15-cv-955, 2016 WL 4045474, at *4 (D. Del. July 26, 2016); *Hologram USA, Inc. v. Pulse Evolution Corp.*, No. 2:14-cv-0772, 2016 WL 199417, at *2 n.1 (D. Nev. Jan. 15, 2016). In other cases, where the action was started prior to the abrogation, but parties filed amended pleadings after December 1, 2015, courts have applied *Twombly* and *Iqbal*. *See, e.g.*, *FootBalance Sys. v. Zero Gravity Inside, Inc.*, No. 3:15-cv-1058, 2016 WL 5786936, at *2–3 (S.D. Cal. Oct. 4, 2016) (finding that *Twombly*/*Iqbal* applied to a plaintiff's second amended complaint, filed two months after the abrogation, although the action was commenced six months prior to it); *Sunrise*

---

[1] Available at https://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf.

*Techs.* v. *Cimcon Lighting*, 219 F. Supp. 3d 260, 263 (D. Mass. 2016) ("Plaintiff should have been aware that Form 18 was abolished when it filed its amended complaint in March, 2016, three months after the new rules went into effect and nearly one year after the Supreme Court first announced the rule changes."). Here, Keeler filed its Amended Complaint on July 5, 2016, eight months after the effective date of the abrogation, and more than a year after its announcement. Thus, it would hardly seem unjust to demand that Plaintiff follow the current pleading standard by meeting the requirements of *Twombly* and *Iqbal*.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff must set forth in its complaint a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 544 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted); *Iqbal*, 556 U.S. at 677-78. These pleadings (and any documents or exhibits attached or incorporated by reference) are the only material that the court will consider when making its 12(b)(6) decision; factual allegations contained only in memoranda opposing motions to dismiss will be ignored. *Luis v. Zang*, 833 F.3d 619, 626 (6th Cir. 2016). *See* 2 Moore's Federal Practice §12.34[2] (Matthew Bender 3d ed. 2017). Such memoranda are not pleadings. *See* Fed. R. Civ. P. 7(a).

When determining whether the plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above

-5-

the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 678, further explained the "plausibility" requirement, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Furthermore, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. ANALYSIS

### A. Motion to Dismiss

Defendant asserts that the bare bones pleadings contained in Plaintiff's Amended Complaint are insufficient now that *Twombly* and *Iqbal* govern even direct patent infringement cases.[2] (Mot. to Dismiss at 1.) Plaintiff responds that it need do no more than meet the standard of Form 18, and, in the alternative, that its pleadings satisfy the *Twombly*/*Iqbal* standard. (Mem. in Opp'n to Mot. to Dismiss at 3, ECF No. 55.)

Although Keeler's Amended Complaint is modeled after Form 18, it still survives Heron Point's Motion to Dismiss. While the court concludes that the standard articulated in *Twombly* and *Iqbal* applies in cases like this one—where an amended complaint has been filed after the abrogation

---

[2] Because Heron Point does not address either Keeler's willful infringement claims or its Contributory Infringement claim in its Motion, neither is dismissed.

of Form 18—the court cannot overlook the reason that the forms existed in the first place. Relatively few causes of action were given forms in the Federal Rules.[3] And, those given forms were simple, intuitive claims that could be pled with little detail while still putting defendants on notice of the alleged conduct of which they were accused. *Conley*, 355 U.S. at 47. *Twombly* and *Iqbal* seem not to cast doubt on this role. Indeed, the Court in *Twombly* took pains to say that their decision was not meant to raise pleading standards. *Twombly*, 550 U.S. at 569-70 (declining to overturn *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), where the Court held that a plaintiff in an employment discrimination case did not need to plead facts to make out a prima facie case of discrimination).

Lower courts routinely followed *Twombly* in this regard. *See, e.g., Hamilton v. Palm*, 621 F.3d 816, 818 (8th Cir. 2010) (holding that meeting Form 13's requirements by alleging that the defendant was the plaintiff's employer sufficed under *Twombly* and *Iqbal* to plead employer liability in a negligence suit); *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013) (holding that a complaint containing information equivalent to that required by Form 11 raised a plausible claim of negligence). Even after the abrogation of the Appendix of Forms, this practice has continued. *See, e.g., Begay v. United States*, 188 F. Supp. 3d 1047, 1089 n.47 (pointing to the similarities between the plaintiffs' complaint and Rule 11 to justify not requiring them to amend it, even after the Form's abrogation). The abrogation of Rule 84 and the Appendix of Forms eliminated

---

[3] The model complaints were to Recover a Sum Certain, for Negligence, for Negligence when the Plaintiff Does Not Know Who is Responsible, for Negligence under the Federal Employer's Liability Act, for Damages under the Merchant Marine Act, for the Conversion of Property, a Third-Party Complaint, for Specific Performance of a Contract to Convey Land, for Patent Infringement, for Copyright Infringement and Unfair Competition, for Interpleader and Declaratory Relief, and for a Complaint for a Debt and to Set Aside a Fraudulent Conveyance under Rule 18(b). Fed. R. Civ. P. app. Forms 10–21.

the most obvious landmarks for this line of thought, but it did not eliminate the rationale itself. In simple cases, simple pleadings can lead to reasonable inferences of defendants' liability. *See Iqbal*, 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 570, 556).

With this in mind, the court finds that, in this case, Keeler has met its burden for pleading direct infringement. The allegations of infringement here are exceptional in their simplicity. Modern invention has reached a level of complexity that can make it hard to manage proceedings when plaintiffs are not precise in their pleadings. Indeed, most of the cases in which courts have found that plaintiffs have not met the post-Form 18 pleading standards for patent cases have dealt with complex, high-tech products. *See, e.g., RAH Color Technologies*, 194 F. Supp. 3d at 348 (color copiers); *Atlas IP*, 189 F. Supp. 3d at 771 (access protocols for wireless networks); *e.Digital*, 2016 WL 4427209 at *1 (wireless baby monitors).

Here, the patents-in-suit cover methods of making sealed, pasteurized flexible pouches of crabmeat. The court takes this relative simplicity into account when deciding the sufficiency of Keeler's pleadings. Thus, Keeler's allegations that Heron Point is distributing or has distributed in the United States a crabmeat product packed in "flexible, airtight containers" that contain a volume of air to reduce anaerobic bacteria growth creates a reasonable inference that it directly infringed on Keeler's patent. (*See* Compl. ¶ 11–12.)

The parties also spend a fair amount of time wrangling over the issue of territoriality—that is, whether Keeler has alleged that Heron Point distributed the accused product in the United States. Defendant argues that Keeler has failed to state a claim because Keeler does not sufficiently plead that Heron Point engaged in infringing conduct in the U.S. (Mot. to Dismiss at 6–7.) Plaintiff responds that it has evidence of infringing conduct because Heron Point sent them an infringing

-8-

product during settlement talks. (Mem. in Opp'n to Mot. to Dismiss at 5, ECF No. 55.) And, Defendant in turn objects that introducing such evidence violates Rule 408 of the Federal Rules of Evidence, and on the ground that such information falls outside of the pleadings. (Rep. in Supp. of Mot. to Strike at 3, ECF No. 54.)

At this stage in the proceedings, the court may only address allegations contained in the pleadings. Nothing in the memoranda of the parties forms part of the pleadings, so the court will not consider such information in deciding the pending 12(b)(6) motion. *See* Fed. R. Civ. P. 7(a). The question of admissibility is, therefore, moot at this stage. Moreover, since a 12(b)(6) ruling is not a judgment on the merits, the court will not determine whether there is sufficient *proof* that the accused product was distributed in the United States. *See Twombly*, 550 U.S. at 556. *Id.* The only issue is whether Plaintiff has met its pleading burden.

It is true that Keeler never *explicitly* says that the accused product was distributed in the United States—or, to borrow Plaintiff's phrasing, "manufactured, used, sold, offered for sale, and/or imported." (Compl. ¶ 13; Mem. in Opp'n to Mot. to Dismiss at 6.) Plaintiff is right, however, that this formulation could be fairly read to imply action in the United States. (Mem. in Opp'n to Mot. to Dismiss at 6.) Indeed, that is a plausible reading, given the inclusion of the word "imported," from which it may be inferred that the accused product is being imported to the United States. Thus, Plaintiff has sufficiently alleged territoriality.

Accordingly, the court declines to dismiss Plaintiff's claim of direct infringement.

### B. Local Patent Rule 3.1

The second matter before the court is Heron Point's Motion to Strike Plaintiff's Infringement Contentions, challenging Plaintiff's Amended Infringement Contentions as inadequate under Local

Patent Rule 3.1 ("L.P.R. 3.1"). The purpose of these disclosures is to "make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *A.R. Arena Prods. v. Grayling Indus., Inc.*, No. 5:11-cv-1911, 2012 WL 2953214, at *1 (N.D. Ohio Apr. 30, 2012) (quoting *InterTrust Techs. Corp. v. Microsoft Corp.*, No. 01-cv-1640, 2003 WL 23120174, at *1 (N.D. Cal. Dec. 1, 2003)), *report and recommendation adopted in part, rejected in part*, No. 5:11-cv-01911, 2012 WL 2953193 (N.D. Ohio July 19, 2012). Consistent with this purpose, the rule requires plaintiffs alleging patent infringement to provide an account of the manner in which the accused product infringes on the plaintiff's patent, including the following information, in relevant part:

> (a) Each claim of each patent in suit that is allegedly infringed . . . ;
> (b) Separately for each asserted claim, each Accused Instrumentality that each party claiming infringement contends infringes, including the name or model number if known;
> (c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality . . . .

L.P.R. 3.1. This rule is intended to "take [] the place of a 'series of interrogatories . . . that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *A.R. Arena Prods.*, 2012 WL 2953214, at *1 (quoting *Network Caching Tech., LLC v. Novell, Inc.*, No. c-01-2079, 2002 WL 32126128 (N.D. Cal. Aug. 13, 2002)).

Defendant asserts that Plaintiff's Amended Infringement Contentions remain inadequate because many of them paraphrase the patent claim language. (Mot. to Strike at 4.) Plaintiff's original Infringement Contentions were verbatim transcriptions of the claim language. (*Id.*) If the latter is insufficient, Heron Point argues, then the former is, as well. (*Id.*) Plaintiff, in response, argues that not all of the Contentions paraphrase the claim language, and that, further, many of its contentions

-10-

have their bases in "third-party statements" and industry standards, as the court suggested in its previous Order. (Mem. in Opp'n to Mot. to Strike at 2–3.)

While there is some uncertainty as to the requisite level of detail required to satisfy the requirements of local rules governing initial infringement contentions, all courts agree that the contentions "must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)). A plaintiff does not meet this burden with contentions that only provide "vague, conclusory language or simply mimic[] the language of the claims." *Connectel, LLC v. Cisco Sys.*, 391 F. Supp. 2d 526, 528 (E.D. Tex. 2005).

The court finds that Plaintiff's Amended Infringement Contentions are sufficient, though barely, to meet its burden of providing reasonable notice. Keeler bases the most detailed of its contentions on industry standards and a statement from Champion Seafood Ltd., a crabmeat distributor in the United Kingdom. (Mem. in Opp'n to Mot. to Strike at 2-3.) For example, for one patent claim—"after said crabmeat has been placed into said flexible pouch, controlling a volume of ambient air in said flexible pouch to obtain an ambient air to crabmeat ratio within said flexible pouch of about 13-20% by volume such that anaerobic growth within said flexible pouch is prevented"—Keeler contends:

> Following the placement of the crabmeat into its flexible pouch instrumentalities, Defendant adjusted and/or controlled the ratio of air to crabmeat to an extreme low to extreme high ratio of between 6% and 43% by volume, with the midpoint being about 20%, and such that, according to industry standards, the air to meat ratio would prevent anaerobic growth.

(Am. Infringement Contentions Ex. A claim 1.) This phrasing comports with the court's instructions in its previous Order. (Order 17, ECF No. 46.) It is not a verbatim recital of the text of the claim. (*Id.*) Rather, it discloses some of its factual bases and, albeit without precision, provides reasonable notice of why Keeler believes that it will prevail on this infringement claim. *Shared Memory Graphics*, 812 F. Supp. 2d at 1025.

Those contentions that Keeler has merely paraphrased are simpler ones, usually to the point that Keeler would be hard-pressed to phrase its contentions otherwise. Therefore, the contentions are not vague or conclusory in a way that prevents them from serving to give notice to Heron Point. *Id.* While the court is aware of the fact that Keeler poses its contentions without the benefit of having examined the accused product, such is the position of all plaintiffs at this stage in the litigation. The infringement contentions now at issue are merely preliminary. After Keeler has been given an opportunity for discovery, it may seek to amend its contentions, if necessary, before they become final following the construction hearing. *See* L.P.R. 3.10.

The controversy between Heron Point and Keeler over the propriety of Keeler disclosing that it received an sample product from Heron Point during settlement talks extends to this context as well. (Mem. in Opp'n to Mot. to Strike at 4; Reply Mem. in Supp. of Mot. to Strike at 3–4, ECF No. 54.) Defendant again argues that the accused product is not a U.S. product. (Mot. to Strike at 5.) This argument is no more relevant in regard to the infringement contentions than it was to the Motion to Dismiss. Here, the court is concerned with whether Keeler has laid out sufficient factual allegations to "crystallize" its infringement theory and focus discovery. *See Connectel*, 391 F. Supp. 2d at 527 (discussing the purpose of requiring infringement contentions). Further, it does not appear that the information that Keeler could have gleaned from Heron Point's delivery of a sample product was

part of Keeler's contentions, as Keeler has indicated it does not believe that the product it received is the accused product. (Mem. in Opp'n to Mot. to Strike at 3 n.2.) Thus, although it might have been inappropriate for Keeler to discuss settlement talks in its Opposition, it cannot be said that Keeler, at this point, used the disclosure "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408.

Keeler's Amended Initial Infringement Contentions comply with the court's previous Order and provide Heron Point with reasonable notice. Therefore, the court finds that Keeler has met its burden and denies Heron Point's Motion to Strike.

## IV. CONCLUSION

For the foregoing reasons, the court denies Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 50) and Motion to Strike Infringement Contentions (ECF No. 51).

IT IS SO ORDERED.

/s/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

August 28, 2017